J-S82039-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JEREMIE MICHAEL WINTER, | |
| Appellant | No. 835 MDA 2016 |

Appeal from the PCRA Order May 17, 2016
in the Court of Common Pleas of Lancaster County
Criminal Division at No.: CP-36-CR-0001295-2012

BEFORE: OTT, J., DUBOW, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED DECEMBER 29, 2016**

Appellant, Jeremie Michael Winter, appeals from the denial of his first petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. Appellant claims that he is entitled to relief because trial counsel was ineffective for failing to introduce expert testimony concerning his intellectual disability. We affirm.

We take the factual and procedural history in this matter from the trial court opinion and our review of the certified record. On the evening of April 12, 2009, Appellant, who was twenty years old, gave a minor female, then fourteen, fruit punch mixed with vodka, and then engaged in sexual intercourse with her while she was unconsicous.

---

[*] Retired Senior Judge assigned to the Superior Court.

On November 8, 2011, Officers Michael J. Kimes and Leon Jeffrey Sosnoski interviewed Appellant while he was in Lancaster County Prison awaiting trial on other charges. During this interview, Officer Kimes orally advised Appellant of his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966), and Appellant indicated that he understood them. (*See* N.T. Suppression Hearing, 6/10/13, at 9-10). As the interview progressed, Appellant provided a statement to police in which he admitted to giving the victim an alcoholic beverage and having intercourse with her, although he denied she was unconscious. Officer Kimes transcribed the statement for Appellant, Appellant read the statement, made one correction to it, and signed each. (*See* N.T. Trial, 6/10/13, at 114-15; 118-19). Police charged Appellant with statutory sexual assault, corruption of minors, and furnishing liquor to a minor.[1]

On May 23, 2013, Appellant filed a motion to suppress his confession, arguing that it was obtained in violation of his rights under *Miranda*. The trial court held a suppression hearing on June 10, 2013, immediately prior to Appellant's trial. During the suppression hearing, Appellant testified that he was never read his *Miranda* warnings, and that the officers specifically told him they did not have to read them to him. (*See* N.T. Suppression Hearing, at 44-45, 47-49). Defense counsel argued to the court that Appellant has a

---

[1] 18 Pa.C.S.A. §§ 3122.1(a)(1), 6301(a)(1), and 6310.1(a) respectively.

limited mental capacity, was not provided a written **Miranda** warning to sign, and therefore his confession was involuntary because had he known of his rights he would not have given the statement. (**See id.** at 54-55). The trial court ultimately denied Appellant's motion, and he proceeded to a jury trial.

At trial, defense counsel again argued that Appellant's confession should not be credited because it was the product of coercion. At the start of the second day of trial, defense counsel requested that he be permitted to call Dawn Boltz as a witness, explaining that she "works for the Behavioral Health/Behavioral Services Department," and that she would be called "to speak regarding [Appellant's] mental capacity." (N.T. Trial, 6/11/13, at 135). The trial court asked for an offer of proof, and defense counsel stated that Ms. Boltz would be testifying to "[Appellant's] intelligence, his I[.]Q[.], his ability to understand the events around him." (**Id.**). The Commonwealth objected to admission of her testimony because it was not provided with an expert report. The trial court explained that

> regardless of whether or not a report has been produced, I would not allow that testimony because I don't believe that it is sufficiently probative of the issues. Unless a witness, an expert witness, would be prepared to testify that [Appellant's] mental capacity was so diminished so as to have a significant impact in this case, I would not allow it anyway.

(**Id.** at 136-37).

Appellant testified at trial that he has a mental disability and a difficult time reading, writing, and processing information. (*See id.* at 166-67). At the conclusion of trial, the jury found Appellant guilty on all counts.

On August 23, 2013, Appellant was sentenced to an aggregate term of imprisonment of not less than fourteen months, nor more than six years. This Court affirmed Appellant's sentence on June 18, 2014. (*See Commonwealth v. Winter*, 105 A.3d 36 (Pa. Super. 2014) (unpublished memorandum)). Appellant did not seek review in our Supreme Court.

On October 2, 2014, Appellant *pro se* filed his first PCRA petition. The PCRA court appointed counsel, who filed an amended petition on December 4, 2015. The court conducted an evidentiary hearing on January 29, 2016. At the hearing, the court heard testimony from Dixon H. Miller, Ph.D.; trial counsel, Dennis C. Dougherty, Esquire; and Officer Michael J. Kimes.

Dr. Miller, who was accepted as an expert witness in the field of neuropsychology, testified about his assessment of Appellant and the results of three evaluative tests he performed: the Wechsler Adult Intelligence Scale-IV (WAIS-IV); the Test of Memory Malingering (TOMM); and Thomas Grisso's Instruments for Applied Assessment of Understanding of *Miranda* Rights (Grisso test). (*See* PCRA Court Opinion, 5/17/16, at 9). With respect to the WAIS-IV, Dr. Miller testified that, to the extent he was able to perform the test, he arrived at a General Ability Index (GAI) of 53, which placed Appellant in the markedly impaired range within 0.1 percent of the population. (*See id.* at 9-10).

Dr. Miller conceded that Appellant's results were inconclusive as to whether he put forth effort on the TOMM test, and that he only performed two portions of the three-part test. (*See id.* at 10). He also admitted that the fact that Appellant had been given *Miranda* warnings in the past would suggest that he would be able to repeat them and would be familiar with them.

The PCRA court dismissed Appellant's petition. It found that Dr. Miller's assessment did not establish that Appellant was incapable of waiving his rights or that he was subject to undue influence. The court concluded that in the totality of the circumstances, Appellant was not so mentally impaired that he could not understand his rights. (*See id.* at 19-20). Appellant timely appealed.[2]

Appellant raises one issue on appeal.

> A. Whether the [PCRA] court erred in denying [Appellant's] amended PCRA [petition] when trial counsel was ineffective by failing to present expert testimony at the suppression hearing and trial that [Appellant] was intellectually disabled to the extent that he was incapable of knowingly and intelligently waiving his rights under *Miranda v. Arizona*?

(Appellant's Brief, at 4) (most capitalization omitted).

Our standard of review of a PCRA court's decision is well-settled:

_____

[2] Appellant timely filed his statement of errors complained of on appeal on June 1, 2016. *See* Pa.R.A.P. 1925(b). The PCRA court entered its opinion on June 2, 2016. *See* Pa.R.A.P. 1925(a).

In reviewing the denial of PCRA relief, we examine whether the PCRA court's determinations are supported by the record and are free of legal error. The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions.

***Commonwealth v. Mitchell***, 105 A.3d 1257, 1265 (Pa. 2014) (citations and quotation marks omitted).

[C]ounsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him. ***Strickland v. Washington***, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). This Court has described the ***Strickland*** standard as tripartite by dividing the performance element into two distinct components. ***Commonwealth v. Pierce***, 515 Pa. 153, 527 A.2d 973, 975 (1987). Accordingly, to prove counsel ineffective, the petitioner must demonstrate that (1) the underlying legal issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) the petitioner was prejudiced by counsel's act or omission. ***Id.*** A claim of ineffectiveness will be denied if the petitioner's evidence fails to satisfy any one of these prongs.

***Commonwealth v. Roane***, 142 A.3d 79, 88 (Pa. Super. 2016) (one case citation omitted).

In his sole issue, Appellant argues that counsel was ineffective for failing to introduce expert testimony into evidence at both the suppression hearing and trial, to demonstrate that he was incapable of knowingly and intelligently waiving his rights under ***Miranda*** because of his diminished mental capacity. (**See** Appellant's Brief, at 11-17). Specifically, Appellant argues that he was prejudiced by counsel's omission because presenting expert testimony would create a reasonable probability that the court's

decision on the motion to suppress and the jury's verdict would have been different. (*See id.* at 17). We disagree.

Our Supreme Court has repeatedly held that a defendant's waiver of rights under *Miranda* is not *per se* defective merely because of his diminished mental capacity. *See Mitchell*, *supra* at 1268; *see also Commonwealth v. Chacko*, 459 A.2d 311, 317 (Pa. 1983) ("[T]he fact that a defendant possesses a low I.Q. does not in itself render his confession involuntary.") (collecting cases). A defendant's intelligence level, alone, is not dispositive; rather, it must be considered in light of the defendant's background, experience and conduct. *See Commonwealth v. Cohen*, 53 A.3d 882, 887 (Pa. Super. 2012).

> The voluntariness standard of *Miranda* requires that the prosecution prove by a preponderance of the evidence that the waiver is knowing and intelligent. . . .
>
> Thus, in the suppression realm, the focus is upon police conduct and whether a knowing, intelligent and voluntary waiver was effected based on a totality of the circumstances, which may include consideration of a defendant's mental . . . condition[.] When a defendant alleges that his waiver or confession was involuntary, the question is not whether the defendant would have confessed without interrogation, but whether the interrogation was so manipulative or coercive that it deprived the defendant of his ability to make a free and unconstrained decision to confess.

*Mitchell*, *supra* at 1268 (citations omitted).

Here, Dr. Miller opined that Appellant suffered from an intellectual disability. However, as the PCRA court correctly observed, Dr. Miller's conclusion that "[Appellant] was unable to make a knowing and intelligent

decision to waive his rights as a function of his intellectual disability[,]" (N.T. PCRA Hearing, Petitioner's Exhibit "C", Forensic Psychological Evaluation, at 6), is inconsistent with Pennsylvania case law. (*See* PCRA Ct. Op., at 14); *see also Mitchell*, *supra* at 1268; *Chacko*, *supra* at 317. Furthermore, as the court noted, "Dr. Miller's opinion that [Appellant's] mental deficiencies prevented him from making a knowing and intelligent waiver of his rights is inconsistent with [Appellant's] criminal background and experience, which indicates that he understood police interrogation, the courts, and his rights." (PCRA Ct. Op., at 15 (footnote omitted)).

Our review of the certified record reveals that defense counsel presented evidence of Appellant's diminished mental capacity at both the suppression hearing and trial through Appellant's own testimony. (*See* N.T. Suppression Hearing, at 46; N.T. Trial, 6/11/13, at 166-67). The Commonwealth also introduced the testimony of Officers Kimes and Sosnoski, who both testified that throughout the interview they did not yell at or threaten Appellant, and did not exhibit a threatening demeanor, and that Appellant was relaxed and calm. (*See* N.T. Suppression Hearing, at 7-8, 37-38; N.T. Trial, 6/10/13, at 108-13; N.T. Trial, 6/11/13, at 152-53, 155-56). Thus, when the trial court and jury determined that Appellant gave his statement after knowingly and voluntarily waiving his rights, they considered Appellant's mental impairment, his background and experience, and the circumstances of the interrogation. *See Mitchell*, *supra* at 1268; *Cohen*, *supra* at 887.

We conclude that there is no reasonable probability that the outcome of either the suppression hearing or trial would have been different if counsel had introduced Dr. Miller's expert testimony that Appellant suffered from an intellectual disability. Thus, Appellant has not proven that he was prejudiced by counsel's omission, and has not met his burden of establishing counsel's ineffectiveness. *See **Mitchell***, ***supra*** at 1265; ***Roane***, ***supra*** at 88 ("A claim of ineffectiveness will be denied if the petitioner's evidence fails to satisfy any one of these prongs.") (citation omitted). The PCRA court properly determined that Appellant failed to prove ineffectiveness of trial counsel. Appellant's issue does not merit relief.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/29/2016